UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| RAMIE LEWIS, ) | |
| ) | |
|     Petitioner, ) | Case No. 1:03-cv-834 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| TERRY SHERMAN, ) | |
| ) | |
|     Respondent. ) | |
| _____ ) | |

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254, challenging his 2001 conviction for first-degree criminal sexual conduct, for which Petitioner was sentenced to imprisonment of 100 to 240 months. On March 14, 2005, the Court entered an order summarily dismissing the petition. The order of dismissal followed the Court's *de novo* review of Petitioner's objections to the report and recommendation of the magistrate judge. Petitioner now moves for leave to proceed *in forma pauperis* (docket #32) and for a certificate of appealability (docket #34).

      A threshold issue is whether Petitioner should be allowed to proceed *in forma pauperis* on appeal. Petitioner was permitted to proceed before this Court *in forma pauperis*. Pursuant to Rule 24(a)(3) of the Federal Rules of Appellate Procedure, he may continue that status on appeal without further authorization unless this Court certifies that his appeal is not taken in good faith. Good faith is judged objectively and an appeal is taken in good faith only when it seeks review

of an issue which is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1961). The Court reaffirms its decision and finds that the issues which Petitioner might seek review are frivolous. The Court, therefore, certifies that the appeal is not taken in good faith. Accordingly, Plaintiff must seek further authorization to proceed *in forma pauperis* in accordance with FED. R. APP. P. 24(a)(1). Petitioner has substantially complied with Rule 24(a)(1), which requires him to file a motion for leave to proceed *in forma pauperis* and an affidavit showing his inability to file the required fees (as prescribed by Form 4 of the Appendix of Forms), his belief that he is entitled to redress, and a statement of the issue he intends to present on appeal. The documents show that Petitioner is unable to pay the filing and docket fees required for an appeal. Accordingly, the Court will grant him leave to proceed *in forma pauperis* on appeal.

Petitioner's request for a certificate of appealability will be denied. A petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Amended Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability. FED. R. APP. P. 22(b). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997).

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying

this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

Applying this standard, this Court finds no basis for issuance of a certificate of appealability. The Court already has rejected Petitioner's claims of constitutional error under the standards set forth in the Antiterrorism and Death Penalty Act. Petitioner has not pointed to any flaw in the Court's reasoning or any issue of fact or law overlooked in the adjudication of his petition. The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong, and therefore, the Court will deny Petitioner a certificate of appealability. Therefore:

IT IS ORDERED that Petitioner's motion for leave to proceed *in forma pauperis* (docket #32) is GRANTED.

IT IS ORDERED that Petitioner's motion for certificate of appealability (docket #34) is DENIED.

Dated:  May 19, 2005              /s/ Gordon J. Quist
                                  GORDON J. QUIST
                                  UNITED STATES DISTRICT JUDGE